O
JS-6

# United States District Court
# Central District of California

JOHN MICHAEL SCHAEFER,

        Plaintiff,

    v.

THE WALT DISNEY COMPANY et al.,

        Defendants.

Case № 2:25-cv-00650-ODW (Ex)

**ORDER GRANTING MOTION TO DISMISS [31]**

      Presently before the Court is Defendant The Walt Disney Company's Motion to Dismiss Plaintiff John Michael Schaefer's Complaint in its entirety. (Mot. Dismiss ("Motion" or "Mot."), ECF No. 31.) After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument and vacated the May 12, 2025 hearing. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the following reasons, the Court **GRANTS** the Motion.

      Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least twenty-one (21) days prior to the date designated for hearing the motion. Additionally, Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (upholding district court's dismissal of plaintiff's complaint based

on plaintiff's failure to oppose motion as required by local rules).  Prior to dismissing an action pursuant to a local rule, courts must weigh: (1) the public interest in expeditious resolution of cases, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) public policy favoring disposition of cases on the merits, and (5) the availability of less drastic measures.  *Id.* at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "Explicit findings with respect to these factors are not required." *Ismail v. County of Orange*, SACV 10-00901 VBF (AJW), 2012 WL 12964893, at *1 (C.D. Cal. Nov. 7, 2012) (first citing *Henderson*, 779 F.2d at 1424; and then citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 129 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988)).

The Court has considered the *Ghazali* factors and is persuaded that granting the Motion is appropriate.  The hearing on Defendant's Motion was set for May 12, 2025.  Plaintiff's opposition was therefore due by April 21, 2025.  On May 5, 2025, Plaintiff filed an untimely opposition which does not substantively address Defendants' arguments.  (*See* Opp'n, ECF No. 35.)  Accordingly, the Court declines to consider Plaintiff's untimely opposition.  *See* C.D. Cal. L.R. 7-12.  The Court deems Plaintiff's failure to oppose as consent to granting the Motion to Dismiss, and therefore **GRANTS** the Motion.  (ECF No. 31.)  Plaintiff's Complaint is accordingly **DISMISSED**.  All dates and deadlines are **VACATED**, and the Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

May 13, 2025

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**